**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON**

| | | |
|---|---|---|
| ROBERT LEHMAN<br>5890 Calmhaven Drive<br>Cincinnati, Ohio 45248 | : : : : | Case No.<br><br>Judge |
| Plaintiff, | : : | |
| vs. | : : | |
| ST. ELIZABETH HEALTHCARE<br>One Medical Village Drive<br>Edgewood, Kentucky 41017 | : : : : | **COMPLAINT<br>WITH JURY DEMAND<br>ENDORSED HEREON** |
| Defendant. | : : | |

## PARTIES

1.  Plaintiff Robert Lehman is an Ohio citizen.

2.  Defendant St. Elizabeth Healthcare ("Defendant") is a Kentucky corporation. Defendant is an employer within the meaning of federal and state law.

## NATURE OF ACTION

3.  This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, including the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 629, et seq., and the Americans with Disabilities Act, 42 U.S.C. §§ 12111, as amended.

4.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 on the grounds that they are so related to the federal claims, over which the Court has original jurisdiction, that they form part of the same case or controversy.

5.  Plaintiff filed a timely charge of age and disability discrimination with the Equal Employment Opportunity Commission ("EEOC"). He filed that charge on January 19, 2011, less than 180 days after being notified of his termination on September 22, 2010.

6. The EEOC did not rule that his charge was untimely.

7. Plaintiff received a Notice of Right to Sue letter from the EEOC on or after May 19, 2011.

8. Plaintiff filed this Complaint on August 17, 2011, within 90 days of his receipt of the EEOC Notice of Right to Sue letter.

9. Plaintiff has met all procedural prerequisites for his age and disability discrimination claims.

10. Venue is proper in this Division and District pursuant to 28 U.S.C. § 1391 because Plaintiff was employed in this Division and District and a substantial amount of the conduct giving rise to Plaintiff's claims occurred within this Division and District.

## FACTUAL ALLEGATIONS

11. Plaintiff was born in 1954.

12. Plaintiff began working for Defendant in November 28, 1976, at the age of 22.

13. In his nearly 34 years with Defendant, Plaintiff was a dedicated, loyal employee who continually received positive feedback throughout his employment.

14. Plaintiff's most recent position with Defendant was a Security Supervisor, which was a position he held since 1985.

15. Throughout his tenure with Defendant, Plaintiff was fully qualified for the positions he held.

16. On August 20, 2010, Plaintiff's supervisor, Mike Kraft, notified him that a complaint had been made regarding Plaintiff sleeping while on duty.

17. Kraft asked Plaintiff whether he had ever slept in his office. Plaintiff replied that he had, but only on break time or during lunch.

18. Plaintiff asked Kraft whether Defendant had a policy against sleeping while on break or during lunch. Kraft could not point to a policy prohibiting it; however, he explained that he did not think Plaintiff should sleep on breaks or during lunch.

19. Kraft then asked Plaintiff whether his fatigue related to his diabetes.

20. Plaintiff and Kraft then discussed his diabetes, his issues with fatigue and fluctuating blood sugars.

21. Kraft then explained that he intended to give Plaintiff a Level I disciplinary action, which was the initial step in the discipline process. However, he said he would speak with Human Resources about Plaintiff's diabetes to see if Defendant would remove the discipline due to Plaintiff's medical condition.

22. Approximately three hours later, Kraft again met with Plaintiff and told him that he could not give him a Level I disciplinary action. Instead, Kraft claimed he had to give him a Level III, which is equivalent to a final written warning.

23. Plaintiff requested to meet with Human Resources to discuss the sudden change in discipline.

24. Plaintiff and Kraft met with Lisa Blank, Director of Employee Relations that same day.

25. Blank told Plaintiff that because he stated his sleeping may relate to his diabetes, he had to undergo a "fit for duty" review.

26. Blank then asked if Plaintiff had ever witnessed others sleeping, and Plaintiff replied that he had. He stated that on several occasions he viewed nurses sleeping and that he had witnessed security officers sleeping.

27. Blank told Plaintiff that even if the "fit for duty" review established that Plaintiff's medical condition caused him fatigue requiring sleep, Plaintiff would still receive a Level III discipline. Blank never mentioned that Plaintiff would be terminated.

28. On August 23, 2010, Plaintiff arrived at work and Kraft sent him to Employee Health for his "fit for duty" review. Dr. Gerald Hynko asked Plaintiff several questions then required Plaintiff to provide his medical records.

29. That same day, Defendant suspended Plaintiff pending his passing the "fit for duty" exam.

30. On September 13, 2010, Plaintiff briefly met with Dr. Bret Haskell and discussed with him his diabetes and sleep apnea.

31. On September 22, 2010, Defendant terminated Plaintiff's employment. Kraft and Roxann Platek, a Human Resource employee, explained to Plaintiff that "the only acceptable reason for falling asleep on duty is Narcolepsy, and since you knew of someone in you office sleeping and you did nothing about it, you were not doing you job as a supervisor so we are terminating you."

32. Prior to September 22, 2010, Defendant never asked Plaintiff any specifics about witnessing employees in his department sleeping.

33. Plaintiff brought the issue of the security employees he witnessed sleeping to his then supervisor Greg Poppum. Poppum never told Plaintiff that the employees should receive a Level III disciplinary action, let alone be terminated. In fact, Poppum just laughed.

34. Between August 20, 2010 and September 22, 2010, Plaintiff did not sleep during a break.

35. Prior to August 20, 2010, Plaintiff had never been disciplined for sleeping on the job.

36. Upon information and belief, other significantly younger, non-disabled employees or employees Defendant did not perceive to be disabled, were not terminated without warning for sleeping at work.

37. Upon information and belief, Defendant replaced Plaintiff with a significantly younger, non-disabled employee.

## COUNT I

### (Age Discrimination - ADEA)

38. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

39. Plaintiff was fully qualified for his position at all relevant times.

40. Plaintiff was over the age of 40 at the time of his termination.

41. Defendant intentionally discriminated against Plaintiff by, including but not limited to, terminating Plaintiff on account of his age, in violation of the Age Discrimination and Employment Act ("ADEA").

42. Defendant's actions were willful.

43. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and is entitled to judgment and compensation pursuant to the ADEA.

## COUNT II

### (Age Discrimination- K.R.S. § 344.040)

44. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

45. Plaintiff was fully qualified for his position at all relevant times.

46. Plaintiff was over the age of 40 at the time of his termination.

47. Defendant intentionally discriminated against Plaintiff by, including but not limited to, terminating Plaintiff on account of his age, in violation of the K.R.S. § 344.040.

48.   Defendant's actions were malicious and/or in conscious disregard of Plaintiff's rights.

49.   As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and is entitled to judgment and compensation pursuant to K.R.S. § 344.040 for all damages resulting from its unlawful discriminatory conduct.

## COUNT III

### (Disability Discrimination - ADA)

50.   Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

51.   Plaintiff has a disability and/or a record of a disability, and/or Defendant perceived Plaintiff as being disabled under the Americans with Disabilities Act of 1990, as amended ("ADA").

52.   Plaintiff was qualified for his position at all relevant times.

53.   Defendant treated Plaintiff differently than non-disabled employees because of Plaintiff's disability or perceived disability in violation of the ADA.

54.   Defendant terminated Plaintiff's employment on account of Plaintiff's disability or perceived disability in violation of ADA.

55.   Defendant denied Plaintiff a reasonable accommodation related to his disability.

56.   Defendant's actions were intentional, willful, wanton, malicious and in conscious disregard for Plaintiff's rights.

57.   As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to judgment against Defendant under K.R.S. Chapter 344 for all damages resulting from its unlawful discriminatory conduct.

## COUNT IV

### (Disability Discrimination - K.R.S. § 344.040)

58. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

59. Plaintiff has a disability and/or a record of a disability, and/or Defendant perceived Plaintiff as being disabled under Kentucky law.

60. Plaintiff was qualified for his position at all relevant times.

61. Defendant treated Plaintiff differently than non-disabled employees because of Plaintiff's disability or perceived disability in violation of the K.R.S. § 344.040.

62. Defendant terminated Plaintiff's employment on account of Plaintiff's disability or perceived disability in violation of K.R.S. § 344.040.

63. Defendant denied Plaintiff a reasonable accommodation related to his disability.

64. Defendant's actions were intentional, willful, wanton, malicious and in conscious disregard for Plaintiff's rights.

65. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to judgment against Defendant under K.R.S. Chapter 344 for all damages resulting from its unlawful discriminatory conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) That Defendant be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be reinstated to his employment;

(c) That Plaintiff be awarded all lost pay and benefits;

(d) That Plaintiff be awarded compensatory damages;

(e) That Plaintiff be awarded punitive damages;

(f) That Plaintiff be awarded liquidated damages;

(g) That Plaintiff be awarded pre-judgment interest;

(h) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years;

(i) That Plaintiff be awarded reasonable attorneys' fees and costs; and

(j) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ Randolph H. Freking
Randolph H. Freking (23509)
Trial Attorney for Plaintiff
Freking & Betz, LLC
525 Vine Street, Sixth Floor
Cincinnati, Ohio  45202
Phone:  (513) 721-1975/Fax:  (513) 651-2570
*randy@frekingandbetz.com*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Randolph H. Freking