UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CASE NO. 2:11-cv-00165-WOB-JGW

ROBERT LEHMAN                                                    PLAINTIFF

vs.

ST. ELIZABETH HEALTHCARE                                        DEFENDANT

## ANSWER

Comes now Defendant, St. Elizabeth Healthcare ("SEH"), by counsel, and for its Answer to Plaintiff's Complaint, states as follows:

1.      SEH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint and, therefore, denies same.

2.      SEH admits the allegations contained in paragraph 2 of the Complaint.

3.      SEH admits the allegations contained in paragraph 3 of the Complaint.

4.      SEH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint and, therefore, denies same.

5.      SEH admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission.  SEH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 5 of the Complaint and, therefore, denies same.

6.      SEH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint and, therefore, denies same.

7.      SEH admits the allegations contained in paragraph 7 of the Complaint.

8.      SEH denies the allegations contained in paragraph 8 of the Complaint.

9.      SEH denies the allegations contained in paragraph 9 of the Complaint.

10.     SEH denies the allegations contained in paragraph 10 of the Complaint.

11.     SEH admits the allegations contained in paragraph 11 of the Complaint.

12.     SEH admits the allegations contained in paragraph 12 of the Complaint.

13.     SEH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint and, therefore, denies same.

14.     SEH admits the allegations contained in paragraph 14 of the Complaint.

15.     SEH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint and, therefore, denies same.

16.     SEH admits the allegations contained in paragraph 16 of the Complaint.

17.     SEH admits that Plaintiff admitted to Mike Kraft that Plaintiff slept in his office.  SEH denies that Plaintiff stated he only slept in his office on break time or during lunch, and SEH denies the remaining allegations in paragraph 17 of the Complaint.

18.     SEH denies the allegations contained in paragraph 18 of the Complaint.

19.     SEH denies the allegations contained in paragraph 19 of the Complaint.

20.     SEH admits that Plaintiff discussed his medical issues with Mike Kraft. SEH denies the remaining allegations in paragraph 20 of the Complaint.

21.     SEH denies that Mike Kraft stated he intended to give Plaintiff a Level I disciplinary action.  SEH admits that Mike Kraft stated he would speak with human resources regarding Plaintiff's health issues which Plaintiff raised.

2

22.     SEH admits that Mike Kraft informed Plaintiff that sleeping on the job can result in a Level III disciplinary action.   SEH denies the remaining allegations in paragraph 22 of the Complaint.

23.     SEH admits that Plaintiff requested to speak with human resources.   SEH denies the remaining allegations in paragraph 23 of the Complaint.

24.     SEH admits the allegations contained in paragraph 24 of the Complaint.

25.     SEH admits the allegations contained in paragraph 25 of the Complaint.

26.     SEH admits that Plaintiff stated he had witnessed other security officers sleeping on the job.  SEH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 26 of the Complaint and, therefore, denies same.

27.     SEH denies the allegations contained in paragraph 27 of the Complaint.

28.     SEH admits the allegations contained in paragraph 28 of the Complaint.

29.     SEH admits the allegations contained in paragraph 29 of the Complaint.

30.     SEH admits the allegations contained in paragraph 30 of the Complaint.

31.     SEH admits the allegations contained in paragraph 31 of the Complaint.

32.     SEH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 of the Complaint and, therefore, denies same.

33.     SEH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33 of the Complaint and, therefore, denies same.

34.     SEH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Complaint and, therefore, denies

same.

35.     SEH lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35 of the Complaint and, therefore, denies same.

36.     SEH denies the allegations contained in paragraph 36 of the Complaint.

37.     SEH denies the allegations contained in paragraph 37 of the Complaint.

38.     The allegations contained in paragraph 38 of the Complaint do not require a response.  To the extent the allegations may require a response, SEH denies them.

39.     SEH denies the allegations contained in paragraph 39 of the Complaint.

40.     SEH admits the allegations contained in paragraph 40 of the Complaint.

41.     SEH denies the allegations contained in paragraph 41 of the Complaint.

42.     SEH denies the allegations contained in paragraph 42 of the Complaint.

43.     SEH denies the allegations contained in paragraph 43 of the Complaint.

44.     The allegations contained in paragraph 44 of the Complaint do not require a response.  To the extent the allegations may require a response, SEH denies them.

45.     SEH denies the allegations contained in paragraph 45 of the Complaint.

46.     SEH admits the allegations contained in paragraph 46 of the Complaint.

47.     SEH denies the allegations contained in paragraph 47 of the Complaint.

48.     SEH denies the allegations contained in paragraph 48 of the Complaint.

49.     SEH denies the allegations contained in paragraph 49 of the Complaint.

50.     The allegations contained in paragraph 50 of the Complaint do not require a response.  To the extent the allegations may require a response, SEH denies them.

51.     SEH denies the allegations contained in paragraph 51 of the Complaint.

52.    SEH denies the allegations contained in paragraph 52 of the Complaint.

53.    SEH denies the allegations contained in paragraph 53 of the Complaint.

54.    SEH denies the allegations contained in paragraph 54 of the Complaint.

55.    SEH denies the allegations contained in paragraph 55 of the Complaint.

56.    SEH denies the allegations contained in paragraph 56 of the Complaint.

57.    SEH denies the allegations contained in paragraph 57 of the Complaint.

58.    The allegations contained in paragraph 58 of the Complaint do not require a response.  To the extent the allegations may require a response, SEH denies them.

59.    SEH denies the allegations contained in paragraph 59 of the Complaint.

60.    SEH denies the allegations contained in paragraph 60 of the Complaint.

61.    SEH denies the allegations contained in paragraph 61 of the Complaint.

62.    SEH denies the allegations contained in paragraph 62 of the Complaint.

63.    SEH denies the allegations contained in paragraph 63 of the Complaint.

64.    SEH denies the allegations contained in paragraph 64 of the Complaint.

65.    SEH denies the allegations contained in paragraph 65 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

66.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

67.    Plaintiff's employment was terminated because Plaintiff violated SEH policy.

## THIRD AFFIRMATIVE DEFENSE

68.     Plaintiff's claims are barred because SEH did not discriminate against Plaintiff in any respect and all actions by SEH were taken in good faith and for lawful, legitimate non-discriminatory business reasons.

**FOURTH AFFIRMATIVE DEFENSE**

69.    Plaintiff's age was not the but-for cause of his termination of employment.

**FIFTH AFFIRMATIVE DEFENSE**

70.    Plaintiff was not replaced by a significantly younger person, and there were no younger employees who committed the same policy violations as Plaintiff but were not terminated.

**SIXTH AFFIRMATIVE DEFENSE**

71.    Plaintiff does not have a disability or a record of a disability, and SEH did not regard Plaintiff as disabled.  Alternatively, in the event Plaintiff has a disability or a record of a disability, Plaintiff's disability was not a factor in the decision to terminate his employment, and Plaintiff was not treated differently than non-disabled employees.

**SEVENTH AFFIRMATIVE DEFENSE**

72.    A medical condition did not cause Plaintiff to commit the policy violations for which his employment was terminated.

**EIGHTH AFFIRMATIVE DEFENSE**

73.    Plaintiff did not request a reasonable accommodation.

**NINTH AFFIRMATIVE DEFENSE**

74.    At all times relevant to the Complaint, SEH acted in good faith and without malice.

**TENTH AFFIRMATIVE DEFENSE**

75.    Plaintiff's claims are barred to the extent that Plaintiff has failed to reasonably mitigate his damages, if any, following his termination of employment. Alternatively, to the extent that Plaintiff has obtained other employment since his termination of employment, such employment reduces or eliminates Plaintiff's claim for

damages.

## ELEVENTH AFFIRMATIVE DEFENSE

76.    Plaintiff's claims are barred to the extent that he failed to exhaust his administrative remedies.

## TWELFTH AFFIRMATIVE DEFENSE

77.    Plaintiff's claim for punitive damages is barred because SEH did not engage in outrageous or extreme conduct which would support an award of punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

78.    Plaintiff's claims are barred because Plaintiff was himself at fault in causing the damages of which he now complains, which are specifically denied, and but for said actions on the part of Plaintiff, such damages, if any, would not have occurred.

## FOURTEENTH AFFIRMATIVE DEFENSE

79.    Plaintiff's damages, if any, were caused by his own willful and intentional conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

80.    SEH reserves the right to raise such further defenses that shall become manifest during or upon completion of discovery.

**WHEREFORE**, having answered, Defendant, St. Elizabeth Healthcare, demands that Plaintiff's Complaint be dismissed with prejudice; for trial by jury; for its costs expended herein; for its attorney fees incurred in defending this matter; and for any and all other relief to which it may appear properly entitled.

Respectfully submitted,

/s/ Robert M. Hoffer
Robert M. Hoffer (KBA #34210)
Kelly A. Schoening (KBA #86745)
Nicholas C. Birkenhauer (KBA #91901)
Dressman Benzinger LaVelle psc
207 Thomas More Parkway
Crestview Hills, KY 41017
(859) 341-1881 (T)
(859) 341-1469 (F)
E-mail:  rhoffer@dbllaw.com
*Attorneys for St. Elizabeth Healthcare.*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Answer was filed and served via the Court's electronic filing system this 10th day of October, 2011 upon the following:

Randolph H. Freking
Freking & Betz, LLC
525 Vine St., Sixth Floor
Cincinnati, OH 45202

/s/ Robert M. Hoffer

297580v1