UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

ROBERT LEHMAN, :
                                            Case No. 2:11-CV-00165-WOB-JGW
       Plaintiff :

       vs. :

ST. ELIZABETH HEALTHCARE, INC., :
                                            AGREED CONFIDENTIALITY
       Defendant : ORDER

WHEREAS, the matter involves documents that are proprietary and confidential; and

WHEREAS, compliance with court rules and anticipated discovery requests will require the production and disclosure of confidential and/or proprietary information and documents by the parties; and

NOW, therefore, the parties hereby agree to abide by the following provisions of this Confidentiality Agreement:

1. If any party produces documents which counsel for such party believes, in good faith, to contain confidential information, counsel for the producing party shall designate those documents "CONFIDENTIAL" prior to producing the documents. ("Confidential Information")

2. The designation of documents, information or testimony as Confidential Information shall mean that such shall be used only for the litigation, preparation for trial, trial and/or settlement of this action and shall not be disclosed or transmitted, verbatim or in substance, to anyone except the following "qualified persons":

    (a) The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action to the extent reasonably necessary to render professional services in this action;

    (b) The Plaintiff and Defendant in this litigation;

    (c) Outside consultants and/or experts retained for the purpose of assisting counsel in this litigation; provided, however, any such consultant or expert (or staff member thereof) to whom Confidential Information is disclosed under the terms of this Confidentiality Agreement are required to abide by the terms of this Agreement and are hereby enjoined from using the Confidential Information for any purpose whatsoever other than in discovery of this civil

       action. The party receiving the Confidential Information shall have the duty to provide to any such person, i.e. expert witness, a copy of this Confidentiality Agreement and to notify such person that strict adherence to this Confidentiality Agreement is required;

    (d) Persons noticed for deposition in this lawsuit, who have a need to know the content of that Confidential Information, provided, however, any such person to whom Confidential Information is disclosed under the terms of this Confidentiality Agreement are required to abide by the terms of this Agreement and are hereby enjoined from using the Confidential Information for any purpose whatsoever other than in discovery of this civil action. The party receiving the Confidential Information shall have the duty to provide to any such person, a copy of this Confidentiality Agreement and to notify such person that strict adherence to this Confidentiality Agreement is required;

    (e) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

    (f) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; provided, however, any such person to whom Confidential Information is disclosed under the terms of this Confidentiality Agreement are required to abide by the terms of this Agreement and are hereby enjoined from using the Confidential Information for any purpose whatsoever other than in discovery of this civil action. The party receiving the Confidential Information shall have the duty to provide to any such person, a copy of this Confidentiality Agreement and to notify such person that strict adherence to this Confidentiality Agreement is required;

    (g) The Court and Court personnel.

3. Other than as described in paragraph 2 of this Agreement, the parties and their counsel shall not disclose or discuss the Confidential Information in any way with any third party. The parties and their counsel shall not use Confidential Information for their own or any third party's benefit. The parties and their counsel shall hold Confidential Information in the strictest confidence and shall in any case protect such Confidential Information with no less diligence than used to protect its own confidential information.

4. The Confidential Information is, and shall remain at all times, the property of the producing party and no use of Confidential Information is permitted except as otherwise expressly provided in this Agreed Order and only in the manner and to the extent necessary for discovery purposes in this civil action.

5. The parties agree that documents including, but not limited to, electronically stored information (ESI) will be produced without any intent to waive privilege or other protections. In accordance with Fed. R. Civ. P. 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the

|     | |
| --- | --- |
|     | claim, the inadvertent disclosure and the basis for privilege. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. |
| 6.  | This Agreed Order shall commence on the date of execution and will cover all Confidential Information disclosed in furtherance of this Agreement and shall continue in full force and effect as long as Confidential Information remains confidential. |
| 7.  | The parties and their counsel agree that money damages would not be a sufficient remedy for any breach of this Agreement and that any such breach would cause irreparable damage to the producing party, and that if any such breach should occur or be threatened to occur, the producing party, will be entitled to equitable relief, including injunction and specific performance in addition to any other remedy available to it at law or in equity and the breaching party and their counsel shall be responsible for any costs and expenses, including but not limited to, attorneys fees and court costs. |
| 8.  | If any Confidential Information is to be filed with the Court or attached to any deposition, said Confidential Information shall be filed under seal. |
| 9.  | This Confidentiality Agreement shall survive the termination of this action and shall continue in full force and effect. |
| 10. | Within thirty (30) days of the conclusion of this matter, all Confidential Information under this Agreement, including copies thereof, shall be returned to counsel for producing party or, in the alternative, the party shall certify to the producing party that all Confidential Information has been destroyed. |
| 11. | The disclosure of Confidential Information or its use hereunder shall not be construed in any way to grant the parties any right or license with respect to Confidential Information other than the right to use Confidential Information strictly in accordance with the terms of this Agreement and for no other use whatsoever. |

Dated this __9__ day of __Jan._____, 2012.

_____
J. Gregg Wehrman
Judge, Eastern District Court

*HAVE SEEN AND AGREE:*

/s/ Kelly A. Schoening
Robert M. Hoffer (#32410)
Kelly A. Schoening (KBA #86745)
Dressman Benzinger LaVelle psc
207 Thomas More Parkway
Crestview Hills, KY 41017
(859) 341-1881
rhoffer@dbllaw.com
kschoening@dbllaw.com
Counsel for Defendant

/s/ Katherine Daugherty Neff
Katherine Daugherty Neff (Pro Hac Vice)
Randolph H. Freking (23509)
525 Vine Street
Cincinnati, Ohio 45202
Phone: (513) 721-1975
kneff@frekingandbetz.com
randy@frekingandbetz.com
Counsel for Plaintiff

309329

Field Code Changed
Field Code Changed