UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CASE NO. 2:11-cv-00165-WOB-JGW

ROBERT LEHMAN                                                                            PLAINTIFF

vs.

ST. ELIZABETH HEALTHCARE                                     DEFENDANT

**DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER**

Defendant, St. Elizabeth Healthcare, by counsel, pursuant to Federal Rule of Civil Procedure 72, hereby files its objection to the Magistrate's Order entered on August 17, 2012 ("Order") (Doc. #15). Specifically, St. Elizabeth objects to that portion of the Order which holds: "Plaintiff's counsel may depose the former employee about his recent discussions with counsel for defendant."

Communications between counsel for a corporate party and the corporate party's former employee which concern the former employee's conduct and knowledge during the course of his employment are protected by the attorney-client privilege and work product doctrine. Accordingly, St. Elizabeth requests that the Court decline to adopt Magistrate Judge Wehrman's Order insofar as it authorizes Plaintiff's counsel to depose St. Elizabeth's former employee about his pre-deposition discussions with undersigned counsel.

      A.     **FACTUAL BACKGROUND**

Gerald Hynko is the former Director of Employee Health at St. Elizabeth. Although his employment with St. Elizabeth ended in June 2012, he was employed at the time of Plaintiff's employment and termination. Mr. Hynko facilitated the fitness for duty examination that was conducted on Plaintiff to determine if a medical condition was causing Plaintiff to sleep at work. Plaintiff sought to take Mr. Hynko's deposition in

this matter. Mr. Hynko's deposition was held on August 13, 2012.

Prior to Mr. Hynko's deposition, undersigned counsel, in her capacity as corporate counsel for St. Elizabeth and at the request of St. Elizabeth, met with Mr. Hynko in preparation for his deposition. The discussions involved Mr. Hynko's role as it pertained to Mr. Lehman during the course of his employment as a management-level employee of St. Elizabeth.

At Mr. Hynko's deposition, counsel for Plaintiff asked Mr. Hynko what was discussed with undersigned counsel at the pre-deposition meeting. Undersigned counsel objected on the basis of attorney-client privilege and instructed Mr. Hynko not to answer. Plaintiff called and requested that Magistrate Judge Wehrman resolve the dispute. Judge Wehman requested that the parties submit an e-mail with supporting case law that day for his consideration. Counsel for St. Elizabeth did so, specifically citing to *Peralta v. Cendant Corp.*, 190 F.R.D. 38 (D. Conn. 1999) and U*pjohn Co. v. United States*, 449 U.S. 383 (1981). However, Plaintiff did not respond until the next day and cited no supporting case law. Magistrate Judge Wehrman held a phone conference several days later and subsequently issued the Order at issue herein, wherein he held that Plaintiff's counsel may depose Mr. Hynko about his discussions with undersigned counsel at their pre-deposition meeting. As authority for his ruling, Magistrate Judge Wehrman relied upon *InfoSystems, Inc. v. Ceridian Corp.*, 197 R.R.D. 303 (E.D. Mich. 2000).

Defendant respectfully requests the Court to decline to adopt Magistrate Judge Wehrman's Order because the district court case upon which his decision relies is contrary to the great weight of authority. The vast majority of courts to consider the issue have extended the attorney-client privilege to former employees.

2

B. **LEGAL ARGUMENT**

1. **Standard of Review**

Federal Rule of Civil Procedure 72 permits a party to serve and file objections to an order entered by a magistrate judge within 14 days of being served with a copy. *See* Fed. R. Civ. P. 72(a) and (b)(2). For non-dispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). In resolving the objections, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

2. **There is No Sixth Circuit Case Law on Point**

Undersigned counsel's research indicates that neither the Sixth Circuit nor any federal district court sitting in Kentucky have addressed whether communications between counsel for a corporate party and the corporate party's former employee are protected by attorney-client privilege. However, the vast majority of other courts which have considered this issue, including the Fourth Circuit Court of Appeals and the Ninth Circuit Court of Appeals, have found that such communications are privileged. There do not appear to be any U.S. Circuit Courts of Appeal which have found differently.

3. **The *Upjohn* Doctrine**

In *Upjohn Co. v. United States*, the U.S. Supreme Court held that communications between corporate counsel and corporate employees are protected by the attorney-client privilege, provided the communications relate to the scope of the employee's corporate duties. 449 U.S. 383, 394 (1981). Although the Court in *Upjohn* declined to rule on whether the scope of the attorney-client privilege should extend to communications between a corporate party's counsel and the corporate party's former employees, "many courts have since afforded such protection." *In re Flonase Antitrust*

3

*Litigation*, 723 F.Supp.2d 761, 764-65 (E.D.Pa. 2010).

### 4. Cases From Other Jurisdictions

The majority of courts which have considered the issue have ruled in favor of extending the attorney-client privilege to communications between corporate counsel and former employees. "Virtually all courts hold that communications between company counsel and former company employees are privileged if they concern information obtained during the course of employment." *Export–Import Bank of the United States v. Asia Pulp & Paper Co.*, 232 F.R.D. 103, 112 (S.D.N.Y. 2005); *see also Surles v. Air France*, 2001 WL 815522 (S.D.N.Y.):

> The vast majority of federal cases hold that communications between company counsel and former company employees are protected by the attorney-client privilege if they are focused on exploring what the former employee knows as a result of his prior employment about the circumstances giving rise to the lawsuit.

*Id.* at *6.

Thus, in *In re Allen*, 106 F.3d 582 (4th Cir. 1997), the Fourth Circuit concluded that because former employees could "possess information needed by the corporation's lawyers" to enable them "to give sound and informed advice," the underlying purpose articulated by the Supreme Court in *Upjohn* applied with equal force to former employees, and therefore communications between defense counsel and a former employee are privileged. *Id.* at 606 ("Accordingly, we hold that the analysis applied by the Supreme Court in *Upjohn* to determine which employees fall within the scope of the privilege applies equally to former employees.").

Likewise, the Ninth Circuit has found that *Upjohn* should be applied to former employees. *See In re Coordinated Pretrial Proceedings in Petroleum Products*, 658 F.2d 1355, n.7 (9th Cir. 1981) ("Although Upjohn was specifically limited to current employees, the same rationale applies to the ex-employees (and current employees)

4

involved in this case. Former employees, as well as current employees, may possess the relevant information needed by corporate counsel to advise the client with respect to actual or potential difficulties.").

Numerous federal district courts have reached the same result. In *Wuchenich v. Shenandoah Memorial Hosp.*, 2000 WL 1769577 (W.D.Va.), the district court sustained the defendant hospital's objection to the magistrate judge's order, which had held that communications between a corporate party's counsel and the corporation's former employees were not privileged. The court declined to adopt the magistrate judge's order, finding that "to the extent the Magistrate Judge's order implies that the communications between a corporate party's former employee and the corporate party's counsel never may be privileged, the order is contrary to law, and it shall be vacated to that extent." *Id.* at *3.

In *In re Flonase Antitrust Litigation*, 723 F.Supp.2d 761 (E.D.Pa. 2010), the district court denied plaintiff's motion to compel and held that conversations between defense counsel and a former employee at recesses during the former employee's deposition were privileged. *See Id.* at 765 ("Because Bowers' testimony concerned matters within the scope of her former responsibilities with defendant corporation and because her conversations with defense counsel may be relevant to defendant's legal strategy, her communications with defense counsel fall within the attorney-client privilege.").

Similarly, in *Fisher v. Halliburton*, 2009 WL 483890 (S.D.Tex.), the district court overruled the plaintiff's motion to compel, which sought to compel a former supervisory employee of defendant to answer deposition questions regarding communications between the defendant's counsel and the former employee in preparation for his deposition:

5

> In the instant case, Richard's deposition testimony and preparation for deposition almost exclusively concerns events within the scope of his duties while working for defendants. Were Richard still employed by the defendants, there would be no question that the communications would be privileged under *Upjohn*. Therefore, the court finds that all communications between Richard and the defendants' counsel are protected as privileged provided they relate to events concerning Richard's duties while employed by defendants.

*Id.* at *2; *see also Peralta v. Cendant Corp.*, 190 F.R.D. 38, 41 (D.Conn. 1999) (Pre-deposition communications between former employee and counsel for employer were protected by attorney-client privilege in employment discrimination suit brought by another former employee, insofar as their nature and purpose were to learn facts related to plaintiff's termination.).

### 5. *InfoSystems* is Not Dispositive of the Issue at Hand

In his Order, Magistrate Judge Wehrman cited *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303 (E.D.Mich. 2000), for the proposition that "the status of a former employee is virtually indistinguishable from that of any other third party who may have information pertinent to the action." However, as set out hereinabove, the foregoing statement is contrary to the great weight of authority. The majority of courts to consider the issue have explicitly found that *Upjohn* should be extended to former employees. *InfoSystems*, on the other hand, is a misleading opinion in which the district court completely ignores the decisions from the Fourth Circuit and Ninth Circuit cited above.

Further, a careful reading of *InfoSystems*, as well as a careful review of the briefs filed in that case, establishes that the issue in dispute therein was a subpoena for an affidavit drafted by corporate counsel for the former employee to sign and discussions between counsel and the former employee about the affidavit. (Briefs attached as Exhibit 1) Clearly, an affidavit would not be protected by attorney-client privilege

6

according to *Upjohn* or any other case. Therefore, *InfoSystems* is not entirely on point, whereas *Peralta* and the case law cited above are directly on point with the facts of this case.

This Court should adopt the well-reasoned approaches of the courts in the cases set forth hereinabove, including *In re Allen*, *In re Coordinated Pretrial Proceedings in Petroleum Products*, *Wuchenich*, *In re Flonase Antitrust Litigation*, *Fisher* and *Peralta*.

C. **CONCLUSION**

For the foregoing reasons, St. Elizabeth respectfully requests that the Court decline to adopt the portion of Magistrate Judge Wehrman's Order which holds that "Plaintiff's counsel may depose the former employee about his recent discussions with counsel for defendant." To the extent these discussions pertained to actions while he was employed by St. Elizabeth, and to the extent these discussions were held at the direction of St. Elizabeth for the purpose of rendering legal advice, the discussions should be protected by attorney-client privilege.

        Respectfully submitted,

        /s/ Kelly A. Schoening
        Robert M. Hoffer (KBA #34210)
        Kelly A. Schoening (KBA #86745)
        Nicholas C. Birkenhauer (KBA #91901)
        Dressman Benzinger LaVelle psc
        207 Thomas More Parkway
        Crestview Hills, KY 41017
        (859) 341-1881 (T)
        (859) 341-1469 (F)
        *Attorneys for St. Elizabeth Healthcare*

## **CERTIFICATE OF SERVICE**

      I certify that the foregoing Objection was filed and served via the Court's electronic filing system this 30th day of August, 2012 upon the following:

Katherine Daugherty Neff
Freking & Betz, LLC
525 Vine St., Sixth Floor
Cincinnati, OH 45202

                                                  /s/ Kelly A. Schoening

343351v2