UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

INFOSYSTEMS, INC.,
           Plaintiff and Counterdefendant

- vs -

CERIDIAN CORPORATION and SARLA
SOFTWARE, LLC
           Defendants

SARLA SOFTWARE, LLC,
           Counterplaintiff

- vs -

PRANAV DESAI, NARENDRA MADURKAR,
and SHRI PATTABHI
           Additional Counterdefendants

Hon. Gerald Rosen
Magistrate Judge Capel
Case No. 00-71147



FILED
Nov 3  5 48 PM '00
CLERK
U.S. DISTRICT COURT
EAST. DIST. MICH.
DETROIT

---

Lawrence V. Stawiarski (P54831)
NEMES & ANDERSON
26050 Orchard Lake Road, Suite 300
Farmington, MI 48334
(248) 442-3300
*Counsel for Plaintiff and Counter-defendant*
*InfoSystems, Inc.*

Kathryn J. Humphrey (P32351)
Thomas S. Bishoff (P53753)
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, MI 48243-1668
(313) 568-6848 or 568-5341
*Co-Counsel for Defendant and Counter-*
*claimant Sarla Software, LLC*

Daniel J. Bernard
VERCRUYSSE, METZ, & MURRAY
31780 Telegraph Road, Suite 200
Bingham Farms, MI 48025-3469
(248) 540-8019
*Counsel for Defendant Ceridian Corporation*

Kenneth R. Berman
NUTTER, McCLENNEN & FISH, LLP
One International Place
Boston, MA 02110-2699
(617) 439-2000
*Co-Counsel for Defendant and Counter-*
*claimant Sarla Software, LLC*

David A. Sebastian
SEBASTIAN & ASSOCIATES, P.C.
401 S. Old Woodward Ave., Suite 430
Birmingham, MI 48009-6613
(248) 433-1444
*Counsel for Counter-defendant Narendra*
*Madurkar*

95

**EXHIBIT 1**

SARLA SOFTWARE LLC'S EMERGENCY
MOTION TO QUASH SUBPOENA
AND FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26 (c) and 45, Sarla Software LLC, moves (a) to quash a

defective subpoena purportedly requiring Jay Raghvandaran to attend a deposition on Friday,

November 3, 2000 in Atlanta, Georgia; (b) to reschedule the date of the deposition to a date that

does not present a hardship to the witness or to the undersigned counsel; and (c) to quash the

portion of the subpoena requiring Mr. Raghvandaran to produce a copy of his (unfiled) affidavit

and any drafts thereof or communications concerning such affidavit (Subpoena Ex. A ¶ 4), as

well as documents concerning or constituting communications with counsel for Sarla (Subpoena

Ex. A ¶ 1(f)).

As grounds for this motion, Sarla states:

Issues Concerning Deposition Date

1.      The plaintiff selected the date for Mr. Raghvandaran's deposition without

consulting counsel for the defendants.

2.      The date selected by the plaintiff for the deposition presents a hardship for the

witness for the reasons stated in exhibit A, which is incorporated by reference.  Defendants

requested that plaintiff reschedule the deposition for the reasons set forth in Exhibit A, but

plaintiff has refused to do so.

3.      The date selected also presents a hardship for undersigned counsel because it

conflicts with counsel's preparation for a preliminary injunction hearing scheduled for Monday,

November 6, 2000 in another case.  Counsel has attempted to reschedule the preliminary

injunction hearing, but opposing counsel in that case have refused to stipulate to a continuance of

the temporary restraining to a new date, making it necessary for the undersigned counsel to go forward with the preliminary injunction on November 6, and to use the intervening time to prepare for that hearing.

<u>Invalidity Of Subpoena</u>

4.    The subpoena for Mr. Raghvandaran is defective because it is a subpoena from the Michigan Federal District Court, instead of from the Georgia Federal District Court. A copy of the subpoena is attached as Exhibit B. Under Rule 45(a)(2), a subpoena for attendance at a deposition or for production or inspection must issue from the court for the district in which the deposition is to be taken or the production or inspection is to be made, which in this instance would be Georgia, not Michigan. If the witness does not attend, then four attorneys in this case will have been put to needless expense and a waste of time, given that the witness is not under a valid compulsory process to appear.

<u>Mr. Raghvandaren's Unfiled Affidavit And Communications With Sarla's Counsel</u>

5.    Mr. Raghvandaren's unfiled affidavit and any drafts thereof or communications concerning such affidavit, as well as documents concerning or constituting communications with Sarla's counsel, are protected from discovery under the attorney/client privilege and work product doctrine. Mr. Raghvandaren is a former employee of Sarla Software, LLC. His affidavit was prepared and signed after this lawsuit was filed. The subpoenaed documents at issue are privileged because they are the product of communications between the witness and Sarla's counsel concerning the witness's conduct and knowledge during his employment with Sarla. *Peralta v. Cendant Corp.*, 190 F.R.D. 38, 41-42 (D. Conn. 1999) (communications between counsel and a former employee of the corporate client are privileged if the communications relate

3

to the employee's knowledge during his employment). The communications were for the purpose of enabling counsel to obtain relevant facts in order to render legal advice to Sarla.

6.      Further, Sarla's counsel has not yet determined whether to file the subpoenaed affidavit. Until such time as a decision is made to file the affidavit, the affidavit, and any drafts thereof or communications concerning it, are protected from discovery under the work product rule because they are documents "prepared in anticipation of litigation or for trial by or for [Sarla] or by or for [Sarla's] representative." Fed. R. Civ. P. 26(b)(3). See also *Hickman v. Taylor*, 329 U.S. 495 (1947). InfoSystems does not have a substantial need for the documents because InfoSystems is able to subpoena the witness and ask him directly about his knowledge of the events in suit.

<u>Attempt To Resolve This Motion</u>

7.      The undersigned counsel represents that he has had several conversations and an exchange of correspondence with counsel for the plaintiff in an effort to obtain concurrence to the relief sought in this motion, but without success.

BRIEF

In support of this motion, defendant states that Rule 45 of the Federal Rules Of Civil Procedure requires that a deposition subpoena duces tecum issue from the federal district court in the district where the witness is called to testify and produce documents.

Further, the subpoenaed communications, affidavit, and drafts of the affidavit are protected from discovery under the attorney client privilege, *Peralta v. Cendant Corp.*, 190 F.R.D. 38, 41-42 (D. Conn. 1999), and the work product rule. Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495 (1947).

NUTTER, McCLENNEN & FISH, LLP

November 2, 2000

By: *Kenneth R Berman*
Kenneth R. Berman (BBO 040320)
One International Place
Boston, Massachusetts 02110
(617) 439-2000
*Attorneys for SARLA SOFTWARE, LLC*

Kathryn J. Humphrey (P32351)
Thomas Bishoff (P53753)
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, MI 48243-1668
(313) 568-6848

## CERTIFICATE OF SERVICE

I, Kenneth R. Berman, attorney for Sarla Software, LLC, hereby certifies that a copy of the within Sarla Software LLC's Motion to Quash Subpoena and for Protective Order has on this date been served upon the following parties via fax and regular mail:

Counsel for Plaintiff and for Shri Pattabhi and Pranav Desai
Lawrence V. Stawiarski
Nemes & Anderson
26050 Orchard Lake Road, Suite 300
Farmington, MI 48334

Counsel for Defendant Ceridian Corporation
Daniel J. Bernard
Vercruysse, Metz & Murray
31780 Telegraph Road, Suite 200
Bingham Farms, MI 48025-3469

Counsel for Counter-defendant Narendra Madurkar
David A. Sebastian
Sebastian & Associates, P.C.
401 S. Old Woodward Ave., Suite 430
Birmingham, MI 48009-6613

Kenneth R. Berman

11/2/00

6

2:00-cv-71147-GER   Doc # 95   Filed 11/03/00   Pg 7 of 7   Pg ID 425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

INFOSYSTEMS, INC., a Michigan
corporation,

        Plaintiff and Counter Defendant,

-vs-

CERIDIAN CORPORATION, a
Delaware corporation, SARLA
SOFTWARE, L.L.C., a Massachusetts
Limited Liability Company, and
ROBERT DONAHUE,  an Individual,

        Defendants

SARLA SOFTWARE, L.L.C.,

        Counter Plaintiff,

-vs-

PRANAV DESAI, NARENDRA MADURKAR,
and SHRI PATTABHI

        Additional Counter Defendants.

Hon. Gerald Rosen
Magistrate Judge Capel
Case No. 00-71147

---

| | |
|---|---|
| NEMES & ANDERSON, P.C.<br>Robert P. Anderson (P38981)<br>Lawrence V. Stawiarski (P54831)<br>Attys for Infosystems, Inc.<br>26050 Orchard Lake Road, Suite 300<br>Farmington Hills, MI 48334<br>(248) 442-3300 | VERCRUYSSE METZ & MURRAY, P.C.<br>Daniel J. Bernard (P34225)<br>Susan Alfred Schechter (P44192)<br>Attys. for Ceridian Corporation & Donahue<br>31780 Telegraph Road, Suite 200<br>Bingham Farms, MI  48025-3469<br>(248) 540-8019 |
| NUTTER, McCLENNEN & FISH, LLP<br>Kenneth R. Berman<br>Co-counsel for Sarla Software<br>One International Place<br>Boston, Massachusetts 02110<br>(617) 439-2000 | DYKEMA GOSSETT PLLC<br>Kathryn J. Humphrey (P32351)<br>Thomas S. Bishoff (P53753)<br>Co-counsel for Sarla Software<br>400 Renaissance Center<br>Detroit, MI 48243-1668<br>(313) 568-6848 or 568-5341 |
| DAVID A. SEBASTIAN (P47139)<br>Atty for  Narendra Madurkar, Only<br>401 S. Old Woodward Ave., #430<br>Birmingham, MI 48009-6613<br>(248) 433-1444 | |



## PLAINTIFF, INFOSYSTEMS, INC.'S RESPONSE TO *And Brief* *A.B.* SARLA SOFTWARE LLC'S EMERGENCY MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

NOW COMES Plaintiff, Infosystems, Inc., by and through its attorneys, Nemes & Anderson, P.C., and in response to Sarla Software, LLC''s Emergency Motion to Quash Subpoena and for Protective Order states as follows:

Defense counsel has set forth in his Motion a claim of hardships upon the witness due to medical conditions. The witness has directly identified to Plaintiff's counsel that he has recently had elbow surgery and is already back to work on his regular schedule. Plaintiff's counsel has subsequently confirmed with the witness, Jay Raghvendran his ability to appear on Wednesday, November 8, 2000 pursuant to a Subpoena which has been issued from the Northern District of Georgia and has been personally served upon Mr. Raghvendran. Plaintiff's counsel has notified this Honorable Court of Mr. Raghvendran's availability on November 8, 2000 and his current medical condition.

The only remaining issues for this Honorable Court to consider in Sarla's Motion is Defense counsel's claim of attorney-client privilege and work product as they relate to Plaintiff's Notice of Deposition Duces Tecum Request upon Mr. Raghvendran attached hereto as *Exhibit "A"*. Defense counsel has set forth in Paragraph No. 5 of Sarla's motion a general objection as to attorney-client privilege as it relates to written communications between the witness and Sarla's counsel and to an Affidavit which has, upon information and belief, been executed by Mr. Raghvendran. Defense counsel relies solely upon the holding in *Peralta v. Cendant Corp.*, 190 F.R.D. 38, (D.Con. 1990).

It is imperative at this point that the Court be made fully aware that the witness, Jay Raghvendran is a former employee of Sarla Software, LLC and pursuant to the deposition

-2-

testimony of Sarla Software's CEO and President, Fenil Shah that Mr. Raghvendran has been identified as the key witness upon whom Sarla relies to support its Counter-Complaint and defenses against the action brought by Infosystems, Inc.   Mr. Raghvendran's employment terminated voluntarily in the summer of 1996 and further testimony establishes that the witness was "<u>not</u>" an officer, director and/or member of Sarla Software, LLC.   The witness was employed merely in the capacity as an implementation engineer and that subsequent to his termination of employment has not maintained any business relationships with Sarla Software, LLC.

Upon information and belief, the Affidavit as it relates to this litigation was signed by Mr. Raghvendran after he had voluntarily terminated his employment with Sarla and all communications with Sarla's attorney's relating to his knowledge of this law suit have been communicated subsequent to his employment terminating with Sarla.

<u>i.</u>     <u>Attorney/Client Privilege</u>

Defense counsel has erroneously, in Paragraph No. 5, misstated the holding in *Peralta*. The court held in *Peralta* that a determination between attorney-client privilege and non-privileged communications with a former employee should not be difficult to apply in that no privilege applies to any communication between employer's counsel and a former employee whom counsel does not represent which bear on or otherwise potentially affect the witness' testimony, consciously or unconsciously. *Id.,* at p. 40.

Mr. Raghvendran, upon information and belief, has communicated with his former employer's counsel and has executed an Affidavit, all subsequent to the time he terminated his employment.  Defense counsel has failed to establish to this Court that the holding in *Peralta,* applies a privilege as to information obtained by a former employee as to his direct

-3-

knowledge and sworn testimony in an Affidavit set forth by a non-party witness.

Defense counsel also cites the holding in *Hickman v. Taylor*, 329 U.S. 495, 506 (1947) in which the court held that information which an attorney secured from a witness while acting for his client in anticipation of litigation fall outside the scope of the attorney-client privilege and hence, are not protected from discovery on that basis.

### ii.    Work Product

Defense counsel has set forth in Paragraph No. 6 that the Affidavit and drafts thereof and communications concerning it are protected from discovery under the work product rule. Sarla has relied solely upon the holding in *Hickman*, *supra*.

The court in *In Re Perrigo Co.*, 128 F3d 430 (6th Cir. 1997) defined work product as that which reveals attorney's mental impressions and opinions. See also; *Upjohn v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). Clearly, a sworn affidavit by a non-party witness doesn't fall within the scope of the Court's determination of work product.

The District Court for the Eastern District of Michigan in *Crowe v. Chesapeake and Ohio Railroad Co.*, 29 F.R.D. 148, 150 (6th Cir. 1961) has interpreted the holding in *Hickman*, and has taken a more liberal view of the federal discovery rules and has stated that the court should be deposed to grant such discovery as will accomplish full disclosure of facts, eliminate the element of surprise and promote settlement. (*Exhibit "B"*)

The court in *Crowe* further held that the affidavit of current employees given to corporate counsel was not privileged or within the work product rule. *Id.* at 149. Mr. Raghvendran is a former employee, identified as the sole individual that Sarla has relied upon in defense of its Counter-Complaint and its alleged improper actions taken in the

-4-

interference of Plaintiff Infosystems' contractual relationship with Ceridian Corporation.

The court in *Crowe* further addressed the issue that although these witnesses were available, the production of the affidavits were beneficial to the objectives of pre-trial discovery. The court held that when both parties are apprized of all facts pertaining to a case, the issues can be narrowed, fall short and surprise avoided, and a chance for a fair and amicable settlement enhanced.

Defendant Sarla has not demonstrated that prejudice would result from ordering production of the affidavits and/or additional communications, or that there are competing interests in the case that justify non-disclosure.

WHEREFORE, Infosystems, Inc. respectfully requests this Honorable Court *deny* Defendant's Motion to Quash Subpoena and for Protective Order, and award attorney fees and costs so wrongfully incurred in having to respond.

Respectfully submitted,

NEMES & ANDERSON, P.C.

Robert P. Anderson (P38981)
Lawrence V. Stawiarski (P54831)
Attorneys for Infosystems
26050 Orchard Lake Road, Suite 300
Farmington Hills, Michigan 48334
(248) 442-3300

Dated: November 6, 2000
F:\DATA\WP51\INFOSYS\RSP-MTQ.WPD

-5-

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

INFOSYSTEMS, INC., a Michigan
corporation,

       Plaintiff and Counter Defendant,

-vs-

CERIDIAN CORPORATION, a
Delaware corporation, SARLA
SOFTWARE, L.L.C., a Massachusetts
Limited Liability Company, and
ROBERT DONAHUE,  an Individual,

       Defendants

SARLA SOFTWARE, L.L.C.,

       Counter Plaintiff,

-vs-

PRANAV DESAI, NARENDRA MADURKAR,
and SHRI PATTABHI

       Additional Counter Defendants.

Hon. Gerald Rosen
Magistrate Judge Capel
Case No. 00-71147

---

NEMES & ANDERSON, P.C.
Robert P. Anderson (P38981)
Lawrence V. Stawiarski (P54831)
Attys for Infosystems, Inc.
26050 Orchard Lake Road, Suite 300
Farmington Hills, MI 48334
(248) 442-3300

NUTTER, McCLENNEN & FISH, LLP
Kenneth R. Berman
Co-counsel for Sarla Software
One International Place
Boston, Massachusetts 02110
(617) 439-2000

DAVID A. SEBASTIAN (P47139)
Atty for  Narendra Madurkar, Only
401 S. Old Woodward Ave., #430
Birmingham, MI 48009-6613
(248) 433-1444

VERCRUYSSE METZ & MURRAY, P.C.
Daniel J. Bernard (P34225)
Susan Alfred Schechter (P44192)
Attys. for Ceridian Corporation & Donahue
31780 Telegraph Road, Suite 200
Bingham Farms, MI  48025-3469
(248) 540-8019

DYKEMA GOSSETT PLLC
Kathryn J. Humphrey (P32351)
Thomas S. Bishoff (P53753)
Co-counsel for Sarla Software
400 Renaissance Center
Detroit, MI 48243-1668
(313) 568-6848 or 568-5341

## PROOF OF SERVICE

Dana L. Fortier, being first duly sworn, deposes and says that on the **6th** day of

**November**, **2000**, she served *Plaintiff, Infosystems, Inc's Response to Sarla Software*

*LLC's Emergency Motion to Quash Subpoena and for Protective Order* along with this

*Proof of Service* upon all counsel named herein by one of the following means:

☒ First Class Mail, with proper postage affixed;     ☐ Facsimile;

☐ Overnight Mail;                                       ☐ Hand-Delivery; and/or

☐ Other: _____

*Under penalty of perjury, I certify that the above statement is true and correct to the best of my information, knowledge and belief.*

_____
Dana L. Fortier

-2-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED