UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| ROBERT LEHMAN | Case No. 2:11-cv-00165 |
| | J. Bertelsman |
| Plaintiff, | Mag. J. Wehrman |
| vs. | |
| ST. ELIZABETH HEALTHCARE | **DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| Defendant. | |

Comes now the Defendant, St. Elizabeth Healthcare, and for its Answers to Plaintiff's First Set of Interrogatories, states as follows:

### INTERROGATORIES

1.  Identify the individual by name, address and job title, and relationship to Defendant, who participated in or prepared the answers to these Interrogatories, other than in a purely clerical capacity.

**RESPONSE:**   Kelly A. Schoening, Lisa Blank.

2.  Identify by name, date of birth, disability status, date of hire, date of termination (if applicable), title, phone number and address, each individual who you believe has knowledge of the facts and circumstances surrounding:

    a)   Plaintiff's Level III disciplinary action;

    b)   Plaintiff's fit for duty exam;

    c)   Plaintiff's suspension; and/or

1

**EXHIBIT A**

   d)  Plaintiff's termination.

In your response, describe in detail and with particularity each person's knowledge.

**RESPONSE:**  **See Defendant's Rule 26 Disclosures.**

  3.  Identify by name, date of birth, disability status, date of hire, date of termination (if applicable), title, phone number, and address, each of Plaintiff's supervisor(s) during Plaintiff's employment with Defendant and specify the dates of supervision.

**RESPONSE:**  **Objection, "disability status" is overbroad and requires a legal conclusion. Notwithstanding, the foregoing objection,**

| Donald Yost | Director Security | DOH 3/27/83 | DOB /50 | | Term 9/12/86 |
|---|---|---|---|---|---|
| Greg Popham | Director Security | 3/16/92 | 53 | | Term 6/18/08 |
| Mike Kraft | Director Security | 03/16/1992 | 62 | | Current |

  4.  a)  Identify each of Plaintiff's employment positions with Defendant by title, salary, and dates served in the position;

     b)  For each position state whether Plaintiff performed his duties satisfactorily. If response is "no," state in detail and with particularity, how Plaintiff's performance was deficient. Describe

2

how Defendant informed Plaintiff of each deficiency, including who informed him and when he was informed of the deficiency(ies).

**RESPONSE:**   (a)   **See Rule 26 Disclosures**
                 (b)   **See job evaluations produced; by way of further answer, Plaintiff's performance was deficient when he was sleeping on the job. See documents produced as it pertains to his termination of employment.**

5.   Identify each employee of Defendant who complained about Plaintiff, his performance or his behavior. For each complaint state the following:

   a)   date of complaint;

   b)   method of communicating complaint;

   c)   description of the nature of the complaint; and

   d)   how the complaint was addressed and resolved.

**RESPONSE:**   **See documents produced regarding his termination of employment.**

6.   Identify Defendants' employee benefits and state the percentage of an employee's salary which reflects Defendant's cost for such benefits, regardless of whether those benefits were available to Plaintiff during his employment. In lieu of a salary percentage, provide the annual cost to Defendants to cover all such benefits.

**RESPONSE:**   **Paid time off, gainshare, medical, dental, vision, HSA, pension, life insurance and long term disability. The salary percentage is 31.9%.**

7. Identify any employee disciplined, up to and including termination for sleeping while at work. Include in your response the employee's date of birth, disability status, date of hire, job title, date of termination (if applicable), date of discipline and disciplinary history.

**RESPONSE:** **See document 795 and attached.**

8. Identify any employee disciplined, up to and including termination, for failing to report employees sleeping at work. Include in your response, the employee's date of birth, disability status, date of hire, job title, date of termination (if applicable), date of discipline and disciplinary history.

**RESPONSE:** **None, other than Plaintiff.**

9. Identify by name, address and phone number all persons who may or will be called by Defendant as witnesses at trial and set forth a summary of the matters to which that person is expected to testify.

**RESPONSE:** **See Rule 26 Disclosures.**

10. Identify any other individual who has alleged age and/or disability discrimination against Defendant from September 1, 2007 to the present.

**RESPONSE:** **Objection, this Interrogatory is overly broad, unduly burdensome and is not likely to lead to admissible evidence.**

4

11. a) Identify by name, date of birth, title, date of hire, date of termination, date of transfer (if any, including promotions and demotions), and past or current disability, injury or illness (if any), of each person who has performed any of Plaintiff's job duties since August 23, 2010, and state which duties he or she performed and when he or she performed them.

b) If any of Plaintiff's duties have not been performed since August 23, 2010, identify which duties, explain why such duties have not been performed, and state the period(s) of time during which such duties were not performed.

**RESPONSE:**

| Rick Smith | Security supervisor | DOH 6/28/99 | DOB ■■■ 1953 | ■■■ | Current |
|---|---|---|---|---|---|

The duties that Bob Lehman performed while he was the first shift supervisor in Edgewood included supervision of first shift personnel, patrolling the hospital and grounds, oversight of all training records, oversight of equipment, and scheduling of all personnel. Bob also assisted by writing and maintaining a computer program for the Security reports and the dispatching blotter.

Bob Lehman did not have the same responsibilities that Rick Smith has taken on in the dispatch/monitoring room. Any request for a change in

5

the dispatch/monitoring room from any shift are done through Supervisor Smith, which was not the case with Supervisor Lehman.

For the time period between the departure of Bob Lehman and the promotion of Rick Smith, Director Mike Kraft performed all supervisory duties that had been assigned to Bob Lehman, with the exception of scheduling personnel and maintenance of computer programs. The scheduling of personnel was immediately assigned to Second Shift Supervisor Jack Denham. The maintenance and writing of computer programs has been taken over by PRN Officer Darrin Gilvin.

12. Identify by name, job title, past or current disability, illness, or injury (if any), work location, date of hire, date of termination, date of transfer (if any) of each employee terminated, hired, or transferred (including demotions and promotions) from Defendant from September 1, 2007 through the present.

RESPONSE: Objection, this Interrogatory is overly broad, unduly burdensome and is not likely to lead to admissible evidence.

13. Identify by name, job title, past or current disability (if any), work location, date of hire, date of termination, date of transfer (if any) each employee who was observed sleeping while on duty with Defendant from September 1, 2007 through the present.

RESPONSE: See answer #7.

Identify by name, job title, past or current disability (if any), work location, date of hire, date of termination, date of transfer (if any) each employee who received a Level III disciplinary action from September 1, 2007 through the present.

**RESPONSE:** **Objection, this Interrogatory is overly broad, unduly burdensome and is not likely to lead to admissible evidence.**

14. If any person identified in response to any interrogatory by Plaintiff is not currently employed by Defendants, state that person's last position with the company, last known address, and last known telephone number.

**RESPONSE:**

| Name | Title | |
|---|---|---|
| Donald Yost | Director Security | ■■■ |
| Greg Popham | Director Security | ■■■ |
| Cynda Carmen | Registered Nurse | ■■■ |
| Donald Kannady | Registered Nurse | ■■■ |
| Laura Kruthoffer | CD Therapist | ■■■ |
| Robert Landers | Security officer | ■■■ |
| Teresa Porter | Chart Management Tech | ■■■ |

7

| Emily Seibel | Marketing Analyst | ███ |
|---|---|---|
| Amanda Rickey | Registered Nurse | ███ |

Respectfully submitted,

*[signature]*

Robert M. Hoffer (KBA #84210)
Kelly A. Schoening (KBA #86745)
Nicholas C. Birkenhauer (KBA #91901)
Dressman Benzinger LaVelle psc
207 Thomas More Parkway
Crestview Hills, KY 41017
(859) 341-1881 (T)
(859) 341-1469 (F)
E-mail: rhoffer@dbllaw.com
E-mail: kschoening@dbllaw.com
E-mail: nbirkenhauer@dbllaw.com
*Attorneys for St. Elizabeth Healthcare.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed this 16th day of February, 2012 on the following:

Randolph H. Freking (23509)
Katherine Daughtrey Neff (*Pro Hac Vice*)
Trial Attorneys for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, Ohio 45202
(513) 721-1975/FAX: (513) 651-2570
*randy@frekingandbetz.com*
*kneff@frekingandbetz.com*

_____
Kelly A. Schoening

314727v1
2/16/2012 1:23 pm

## VERIFICATION

I hereby certify that I have read and answered the foregoing Answers to Plaintiff's First Set of Interrogatories and the answers and information contained therein are true and correct to the best of my knowledge.

_Lisa Blank MS BSN RN PHR_
Lisa Blank

State of Kentucky
County of Kenton

Subscribed and sworn to before me, a Notary Public, by Lisa Blank, this 14th day of FEB., 2012.

_Jennifer Durham_
Notary Public

My Commission Expires:
7/22/2015

JENNIFER DURHAM
Notary Public - ID # 447509
Kentucky, State At Large
My Commission Expires 7/22/2015