# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# AT COVINGTON

| | |
|---|---|
| ROBERT LEHMAN ) | |
| ) | Case No.: 2:11-CV-165-WOB/JGW |
| Plaintiff ) | |
| ) | **ELECTRONICALLY FILED** |
| ) | |
| ) | **DEFENDANT'S RESPONSE** |
| ) | **TO PLAINTIFF'S** |
| vs. ) | **SUPPLEMENTAL BRIEF** |
| ) | |
| ST. ELIZABETH MEDICAL CENTER, INC. ) | |
| ) | |
| Defendant ) | |

Plaintiff's Supplemental Brief does not raise any new factual or legal issues that preclude summary judgment. Despite Plaintiff rehashing his previous arguments, the material facts have not changed. Plaintiff was caught sleeping at work, admitted it and was terminated for this reason. This briefing was an opportunity for Plaintiff to demonstrate how asking for an accommodation thirty-seven days after his termination of employment is a reasonable request under the ADA and would preclude summary judgment. This was not accomplished.

## I.     PLAINTIFF CANNOT PROVE DISCRIMINATION

As the Court clearly noted during oral argument, Plaintiff cannot prove discrimination because he cannot show he was treated less favorably than a non-disabled individual. The Court addressed and dismissed Plaintiff's argument regarding Amanda Rickey because it is clear that she is not a suitable comparator. Plaintiff and Rickey had different supervisors, worked in different departments and had different jobs. Additionally, there were different decision-makers involved and there were

different circumstances involving the sleeping while at work. As the Court noted, the decision in *Henry v. Delta Airlines, Inc.* is on point and establishes that Plaintiff and Rickey are not similarly situated. In *Henry v. Delta Airlines, Inc.*, 2011 WL 34440899, *8 (E.D. Ky. 2011), the Court granted summary judgment and held that employees are not comparable where they have different job titles and responsibilities and where there are legitimate reasons why an employer would treat them differently.

Defendant will briefly address some of the misstatements in Plaintiff's Supplemental Brief on this issue so that record is clear. Lisa Blank was not a decision-maker in Lehman's termination of employment. The decision to terminate Plaintiff's employment was made by Marty Oscadal and Doug Chambers with input from incoming CEO John Dubis. (Blank Dep. p. 76; Dubis Dep. pp. 29, 57; Oscadal Dep. pp. 13-14; Chambers Dep. pp. 19-20) At the time of Rickey's discipline, Blank was not aware of Dubis' belief that sleeping on the job should not be tolerated and should result in termination of employment. (Blank Dep. p. 46)

Further, Rickey was ill and told a co-worker that she was going to lay down. (Blank Dep. p. 46) Plaintiff alleges that this is not true because it is not specifically stated in her written discipline but Ms. Blank testified under oath that these were the circumstances. Lehman, on the other hand, simply slept when he was fatigued and did not tell anyone. Part of Lehman's job was to watch security monitors so if he was sleeping and not watching monitors, this could be a significant security concern. Security guards on break smoking or eating do not have monitor-watching responsibility, therefore, this is not a viable comparison. Additionally, Plaintiff conveniently omits that Rickey was fired for sleeping only 5 months after Lehman's termination of employment. (Oscadal Dep. Ex. 3; Blank Dep. p. 49) Lastly, eight other

St. Elizabeth employees after Plaintiff were also fired for sleeping, two of which were security guards! (Blank Dep. Exh. 8) These security guards are clearly comparators.

Plaintiff's discrimination claim fails for all of these reasons.

## II.  PLAINTIFF'S REQUEST FOR ACCOMMODATION WAS NOT TIMELY

The ADA is very clear that it is the Plaintiff's duty to request an accommodation. 42 U.S.C. § 12112; *Lockard v. Gen. Motors Corp.*, 52 Fed. App'x 782, 788 (6th Cir. 2002) (stating that "[t]he burden remains on the employee to request an accommodation"); *Walsh v. United Parcel Service*, 201 F.3d 718 (6th Cir. 2000) (upholding award of summary judgment to defendant because the plaintiff did not request a reasonable accommodation).

Plaintiff did not ask for any accommodation during his employment (Blank Dep. pp. 42-43), and it was not Defendant's job to wonder as to Plaintiff's alleged disability or need for an accommodation. *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1046–47 (6th Cir. 1998) ("The employer is not required to speculate as to the extent of the employee's disability or the employee's need or desire for an accommodation").

Plaintiff argues that he requested accommodation on two different occasions – during the fitness for duty process and during the Dispute Resolution process. Each alleged request is discussed below.

### A.  Plaintiff Did Not Request Accommodation During the Fitness for Duty Process

During the fitness for duty process, Lehman discussed his health issues with Gerald Hynko in Employee Health. (Plaintiff Dep. pp. 67-69) Plaintiff told Hynko that he had medical conditions and that Plaintiff believed these were causing him to sleep at work. (Hynko Dep. p. 13) Plaintiff's act of merely informing Hynko of his health

3

problems was not an accommodation request, but simply a general statement of Plaintiff's medical diagnoses and an excuse for his violation of policy.

It is established in the Sixth Circuit that a general statement of a medical condition is not a request for an accommodation. *See Brenneman v. MedCentral Health System*, 366 F.3d 412, 418 n. 4 (6th Cir. 2004) (affirming summary judgment for employer on plaintiff's ADA claim and finding that an employee's statements to his employer that he is "ill" or "not feeling well" do not, as a matter of law, constitute a request for leave as an accommodation for his diabetes). This Court has previously held that a diagnosis is insufficient to establish a disability for the purpose of the ADA. *Laws v. HealthSouth N.Ky. Rehab Hosp.*, 828 F.Supp.2d 889 (E.D. Ky. 2011) (granting summary judgment to employer because plaintiff did not show she was disabled under the ADA, never requested an accommodation and worked full schedules). Accordingly, Plaintiff's comments during the fitness for duty process that he believed his diabetes was causing sleeping and fatigue at work is not a request for an accommodation.

Importantly, a request for accommodation must be a <u>specific request</u>, not a mere statement. "The Sixth Circuit requires a specific request for accommodation to trigger a plaintiff's rights." *Hagan v. Anderson County Fiscal Court*, 105 F.Supp.2d 612, 616 n.3 (E.D. Ky. 2000) (granting summary judgment to employer where plaintiff did not sufficiently make an adequate and specific request for accommodation when he suggested he return from leave on a trial basis). Lehman's statements regarding his medical diagnoses were not requests, but simply comments on his health made without specificity. This cannot be construed as an accommodation request.[1]

---

[1] Even if the Court views the statements made by Plaintiff during the fitness for duty process as a request for accommodation, which Defendant wholeheartedly denies, this request is still untimely, as it was made after Plaintiff's infraction of sleeping on the job occurred. Defendant has fully briefed the court on this argument in its Reply Brief. (Doc. #44, pp. 3-4).

4

In *Keys v. Joseph Beth Booksellers*, the Sixth Circuit affirmed a decision from the Eastern District of Kentucky granting summary judgment for an employer where the plaintiff "failed to satisfy his initial burden of proposing an accommodation because he neither asked to be accommodated nor suggested how Joseph Beth could have accommodated him." *Keys v. Joseph Beth Booksellers, Inc.*, 1999 WL 97003, *2 (6th 1999). The court found that the employee's request that his employer "work with me" until he could get his medical condition under control did not suffice as a request for an accommodation. *Id.* Unlike the employee in *Keys*, Lehman made no request whatsoever and merely stated his medical diagnoses. This is not a specific request as required for an accommodation request in the Sixth Circuit.

**B. Plaintiff's Request Made During the Grievance Process Was Too Late**

**1. Plaintiff's Termination Was Final During the Dispute Resolution Process**

In his Supplemental Brief, Plaintiff asks the Court to make an assumption regarding St. Elizabeth's dispute resolution process by stating that the decision to terminate Lehman was not final until after the Dispute Resolution process was complete. (Plaintiff's Suppl. Brief, Doc. #48, p. 13) Lehman provides no factual basis for his assertion that "Defendant created this grievance process to actually revise termination decisions before they are final" (Plaintiff's Suppl. Brief, p. 14). In fact, the purpose of Defendant's Dispute Resolution Procedure is for employees to <u>appeal</u> employment-related issues and decisions. Plaintiff's employment with Defendant was already terminated at the time he engaged in this appeals process. (Dubis Dep. p. 27; Plaintiff Dep. p. 36)

Plaintiff's employment was terminated on September 22, 2010. (Kraft Dep. Ex. 4) Plaintiff testified that he was seeking reinstatement of his employment during the

5

grievance process (Plaintiff Dep. p. 95) and that this process occurred after his termination of employment (Plaintiff Dep. p. 36). Through the Dispute Resolution process, Dubis determined that Plaintiff's termination was appropriate and denied Plaintiff's reinstatement request. (Dubis. Dep. Ex. 1, attached to this Brief as **Exhibit 1**)

St. Elizabeth's Dispute Resolution Procedure is a voluntary process and there is no requirement of participation. It was Lehman's choice to use the process. Had Lehman not engaged in St. Elizabeth's Dispute Resolution procedure, his employment still would have been terminated. Contrary to Lehman's unsupported assertion in his Brief, there is no question that Lehman's employment with St. Elizabeth was already terminated at the time he engaged in the hospital's Dispute Resolution Procedure.

**2.     Plaintiff's Specific Accommodation Request Was Untimely**

Plaintiff's proposal to use an alarm to help him stay awake occurred during the last step of the Dispute Resolution process. This is not a reasonable or timely request for an accommodation because Lehman made this proposal <u>after termination</u> of employment. (Plaintiff Aff., Doc. #40-3) Lehman made the request during his October 29, 2010 meeting with incoming CEO John Dubis, the final step in St. Elizabeth's Dispute Resolution process. The grievance meeting with Dubis occurred thirty-seven days <u>after</u> his termination. (Plaintiff Dep. p. 95; Dubis Dep. p. 27; **Exhibit 1**) Lehman had already met with Mike Kraft (step one) and Doug Chambers (step two) as part of the process by the time he met with Mr. Dubis.

An employee's request for an accommodation must be timely, and a request made after termination is made too late. *See Hammon v. DHL Airways, Inc.*, 165 F.3d 441 (6th Cir. 1999) (affirming summary judgment for employer where request for accommodation <u>three days</u> after resignation was untimely) (emphasis added). "Reason dictates that a plaintiff must 'have informed his employer of his disability and requested

6

an accommodation prior to the time at which an employer takes adverse action against a disabled employee.'" *Gesegnet v. J.B. Hunt Transport, Inc.*, 2011 WL 2119248, *5 (W.D. Ky. 2011) (granting summary judgment for employer on plaintiff's failure to accommodate claim under ADA), *quoting Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195 (6th Cir. 2010) (Cole, J., concurring).

In his Supplemental Brief, Plaintiff misapplies the Sixth Circuit's decision in *Melange v. City of Center Line*, 2012 WL 1959319, *5 (6th Cir. 2012). As discussed above, the decision to terminate Lehman was final at the time he engaged in the Dispute Resolution process and requested to use the alarm device. Plaintiff asserts that *Melange* is not applicable because Lehman was not terminated when he requested accommodation. (Plaintiff's Suppl. Brief, p. 14). In fact, *Melange* is directly on point. There the Sixth Circuit upheld summary judgment for the employer in part because it found that the plaintiff made no request for accommodation when his alleged request was received by the employer after termination. Similarly, Lehman did not request an accommodation until thirty-seven days after he was terminated. Like in *Melange*, Plaintiff's request was made too late.

Courts in the other circuits have also found that an employee's post-termination request for accommodation is "too little, too late." *Alexander v. Northland Inn*, 321 F.3d 723 (8th Cir. 2003); *see also Hill v. Kansas City Transp. Auth.*, 181 F.3d 891 (8th Cir. 1999) (affirming summary judgment for employer and finding request made after plaintiff was caught twice sleeping on the job is a request for a "second chance," not for an accommodation); *Mole v. Buckthorn Rubber Products, Inc.*, 165 F.3d 1212, 1218 (8th Cir. 1999) (affirming summary judgment for employer and finding specific request for accommodation made on date of termination was "a request for reinstatement, not a timely request for on-the-job accommodations"). "[W]e believe that the standard rule

7

is that a plaintiff must normally request an accommodation before liability under the ADA attaches." *Jovanovic v. In-Sink-Erator Div. of Emerson Elec. Co.*, 201 F.3d 894, 899 (7th Cir. 2000).

Contrary to the arguments asserted by Plaintiff, Defendant's duty under the ADA to engage in an interactive process to find a reasonable accommodation never arose in this case. Defendant does not have a duty to engage in the interactive process until "after an employee has requested a reasonable accommodation." *Melange*, *supra*, at 86. Plaintiff did not request an accommodation until thirty-seven days <u>after</u> his termination, and at this point it was too late since Plaintiff was no longer an employee of the hospital.

## VI.   CONCLUSION

Based upon the foregoing, Plaintiff's claims for disability discrimination and age discrimination must fail. There are no material issues of fact. Plaintiff slept while he was supposed to be working and admitted to the conduct. Defendant, St. Elizabeth Medical Center, respectfully renews its request that Plaintiff's Complaint be dismissed in its entirety with prejudice.

    Respectfully submitted,

    /s/ Kelly A. Schoening
    Robert M. Hoffer     (KBA# 32410)
    Kelly A. Schoening (KBA #86745)
    Nicholas C. Birkenhauer (KBA #91901)
    Dressman Benzinger LaVelle psc
    3500 Carew Tower
    441 Vine Street
    Cincinnati, OH  45202
    (513) 357-5284
    (513) 241-4551 Fax
    E-mail:  kschoening@dbllaw.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 1st day of February, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system.

                                        /s/ Kelly A. Schoening

363369v4